IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| **MARCEL J. TOTO-NGOSSO** | * | |
| *Petitioner* | * | |
| | * | |
| v. | * | Criminal Case No.: RWT 08cr0179 |
| | * | Civil Case No.: RWT 11cv01715 |
| | * | |
| **UNITED STATES OF AMERICA** | * | |
| *Respondent* | * | |
| | * | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Petitioner Marcel J. Toto-Ngosso's petition under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. Petitioner contends that he was denied his Sixth Amendment right to effective assistance of counsel because defense counsel 1) incorrectly calculated his sentencing exposure and purportedly advised him in rejecting the prosecution's proposed plea agreement, 2) failed to review the evidence or prepare a defense, 3) allowed the introduction of evidence under Federal Rules of Evidence 404(b), and 4) inefficiently handled the evidence, which resulted in a three-level enhancement for his role as "manager or supervisor of a criminal activity involving five or more participants." Government Opp'n 5–14, Sept. 8, 2011, ECF 84; *see also* Pet'r Mot. 1, June 22, 2011, ECF No. 81-1.

The Court will deny Petitioner's § 2255 motion, because Petitioner failed to show that his counsel's representation was objectively unreasonable and/or resulted in actual prejudice.

**I.   Background**

The Internal Revenue Service (IRS) audited Petitioner's 1995 individual income tax return and assessed $15,077.87 in return preparer penalties under 26 U.S.C. § 6694, for the preparation of client returns claiming false dependency exemptions. Government Sentencing

Mem. 5, Oct. 5, 2009, ECF 56.  The IRS expanded its audit to 1996 tax returns prepared by Petitioner and to the source of over $100,000 in unexplained deposits held by Petitioner in several personal bank accounts.  *Id.*  During the audit, Petitioner argued that he received $9,000 in gross income on his 1996 tax return, that he did not prepare or assist anyone in preparing 1996 tax returns, and that the deposits held in his personal accounts belonged to an uncle in Cameroon.  *Id.*  The IRS assessed Petitioner a tax deficiency for the 1996 tax year, which he appealed to the U.S. Tax Court.  *Id.*  Following a hearing in April 2002, the U.S. Tax Court ruled against Petitioner, finding a $12,161.00 deficiency in income tax and assessing a $784.00 penalty.  *Id.*  After the 1995 and 1996 assessments, records indicate that Petitioner went "off-the-radar" and eventually found a "clean name" with which he continued to electronically file client tax returns.  *Id.* at 5–6.  Records also indicate that Petitioner ceased filing individual income tax returns in 1997, and continued until he became aware of the grand jury investigation against him in 2008.  *Id.* at 6.

On April 14, 2008, a federal grand jury returned an indictment against Petitioner, charging him with seventeen counts of aiding and assisting in the preparation and presentation of false income tax returns, in violation of 26 U.S.C. § 7206(2). Government Opp'n 5–14, Sept. 8, 2011, ECF 84.  The government arrested Petitioner on April 16, 2008.  *Id.*  Petitioner was arraigned on June 2, 2008 and pleaded not guilty to all counts.  *Id.*

At trial, which began on June 9, 2009, the evidence showed that Petitioner obtained the names, dates of birth, and social security numbers of numerous individuals, which he later sold to his clients as dependents and qualifying persons. Government Sentencing Mem. 4.  Petitioner used these dependents and qualifying persons on his clients' tax returns to secure larger refunds by changing his clients' filing statuses, as well as claiming thousands of dollars in education,

child, and earned income tax credits. *Id.* The government further established at trial that Petitioner instructed a number of his clients to lie about the information he had reported on their tax returns—after he learned that he was under criminal investigation by the IRS, and in an attempt to obstruct the IRS and federal grand jury investigations. *Id.* at 4–5.

On June 12, 2009, the jury returned a verdict of guilty on all counts charged in the indictment. Government Opp'n 1–2. Following the verdict, the Court ordered Petitioner detained pending sentencing. *Id.* at 2. On October 13, 2009, the Court sentenced Petitioner to seventy months of imprisonment, to be followed by one year of supervised release, and ordered him to pay a special assessment of $1,700 and restitution to the IRS in the amount of $238,788.25. *Id.* On November 17, 2009, the Court entered an amended judgment in order to correct a clerical mistake regarding an additional condition of Petitioner's supervised release. *Id.* On January 14, 2011, the Fourth Circuit denied Petitioner's direct appeal, affirming the conviction and this Court's sentence and entering its formal mandate on February 7, 2011. *Id.*

On June 22, 2011, Petitioner filed a 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence. Pet'r Mot. 1, June 22, 2011, ECF No. 81-1. On April 4, 2012, Petitioner filed a supplemental brief pursuant to Rule 15(d) of the Federal Rules of Civil Procedure, Pet'r Supp. Br. 1, April 4, 2012, ECF No. 86, which allows a party "to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). The matter is fully briefed and ready for adjudication.

## II.    Discussion

Under 28 U.S.C. § 2255, a petitioner must prove by a preponderance of the evidence that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of

the maximum authorized by law." 28 U.S.C. § 2255 (2006); *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958). A *pro se* movant is entitled to have his arguments reviewed with appropriate consideration. *See Gordon v. Leeke*, 574 F.2d 1147, 1151–53 (4th Cir. 1978) ("What might be a meritorious claim on the part of a *pro se* litigant unversed in the law should not be defeated without affording the pleader a reasonable opportunity to articulate his cause of action."). But if the § 2255 motion, along with the files and records of the case, "conclusively show that [he] is entitled to no relief," a hearing on the motion is unnecessary and the claims raised in the motion may be dismissed summarily. 28 U.S.C. § 2255(b); *United States v. White*, 366 F.3d 291, 297 (4th Cir. 2004) (stating that an evidentiary hearing is not required where a petitioner's allegations are "so palpably incredible, so patently frivolous or false as to warrant summary dismissal.") The differing factual assertions in the instant motion create a dispute of fact. However, the difference is "not material under the circumstances" and "Petitioner cannot show ineffective representation by counsel." *Pender v. United States*, Civ. A. No. DKC 09-0034, Crim. C. No. DKC 06-0083, 2012 WL 1078228, at *2 (D. Md. Mar. 29, 2012).

In evaluating claims of ineffective assistance of counsel, the Court applies the two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668, 687 (1984). *See Hill v. Lockhart*, 474 U.S. 52, 57 (1985). First, Petitioner must show that counsel's representation fell "below an objective standard of reasonableness." *Strickland*, 466 U.S. at 688. In reviewing counsel's performance, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. There is a presumption that counsel's actions are strategic trial decisions. *Id*. The court is thus highly deferential to counsel's decisions and reviews the challenged conduct in light of the totality of circumstances. *Id*. at 689–90. Under the second prong of the *Strickland* test, Petitioner must show that "there is

a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different," where a "reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

### A. Advice on Sentencing Exposure During Plea Negotiation Was Proper

Petitioner argues that his attorney was ineffective because he "incorrectly calculated [his] sentencing exposure and provided faulty advice in advising against acceptance of the plea agreement." Pet'r Mot. 1, June 22, 2011, ECF No. 81-1. The government, however, categorically denies the existence of a plea agreement. Government Opp'n 5, Sept. 8, 2011, ECF 84. Petitioner also argues that a recent U.S. Supreme Court decision in *Lafler v. Cooper*, 132 S. Ct. 1376 (2012), "has a direct impact on the instant action." Pet'r Supp. Br. 1–2, April 4, 2012, ECF No. 86. But, as the government insists, "the failure to reach a favorable plea agreement was the result of Petitioner's resistance," not any deficiency on the part of defense counsel. Government Opp'n 6.

In *Lafler* and its companion case *Missouri v. Frye*, 132 S. Ct. 1399 (2012), the Supreme Court reaffirmed the Sixth Amendment guarantee of a defendant's "right to have counsel present at all critical stages of the criminal proceedings." *Frye*, 132 S. Ct. at 1405. In a criminal justice system such as ours, which is "for the most part a system of pleas, not a system of trials," safeguarding the plea negotiation process is integral to safeguarding a fair trial. *See id.* at 1407 (quoting *Montejo v. Louisiana*, 556 U.S. 778, 786 (2009)). The Supreme Court also clarified the second *Strickland* prong—i.e. that Counsel was ineffective—by defining what is required to show prejudice in the plea bargaining context. *See Lafler v. Cooper*, 132 S. Ct. 1376, 1391 (2012); *Frye*, 132 S. Ct at 1409. Petitioner must show that but for the ineffective advice, there is a reasonable probability that 1) the plea offer would have been presented to the Court, 2) the

Court would have accepted its terms, and 3) the conviction or sentence would have been less severe.  *See Lafler*, 132 S. Ct. at 1380.

The *Lafler* test does not require relief in this instance because this Court finds Petitioner's claims as to the first *Strickland* prong is either lacking or not credible.  Petitioner claims defense counsel advised him to reject a plea agreement.  Pet'r Mot. 31, June 22, 2011, ECF No. 81-1. The government, however, denies the existence of a plea agreement or written offer, insisting that "only Plea Parameters were discussed between [defense counsel] and the prosecution," which were promptly communicated to and rejected by Petitioner.  Government Opp'n 5, Sept. 8, 2011, ECF 84 (internal quotation marks omitted).  Petitioner states that he "believed he was innocent of the charges and that he could convince a jury of his innocence." Pet'r Mot. 31.  He also thought defense counsel should have "dissuade[d] him of this belief." *Id.*  The government, however, correctly asserts that defense counsel properly "advised [Petitioner] that the decision whether to plead guilty or persist . . . was his alone," and that it is not the duty of defense counsel to dissuade a defendant who "remain[s] steadfast in his innocence."  Government Opp'n 6.

Not only was defense counsel not deficient in his representation, the record shows that he properly anticipated many of the sentencing enhancements eventually applied by the Court, such as 1) a tax loss between $200,000 and $400,000, 2) an enhancement for being in the business of preparing tax returns, and 3) an obstruction of justice enhancement based on the testimony of "2 if not 3" clients.  Government Opp'n 6; *see also* Pet'r Mot. Ex. 12, June 22, 2011, ECF No. 81-13.  It was Petitioner who "persisted in his innocence and chose instead to go to trial to face the charges filed against him in the Indictment, after being fully apprised of the consequences of his decision by defense counsel."  Government Opp'n 5.

Petitioner has failed to demonstrate that his counsel's performance fell below an objective standard of reasonableness.  *See Strickland v. Washington*, 466 U.S. 668, 694 (1984); *see e.g.*, *Baires v. United States*, 707 F. Supp. 2d 656, 666 (E.D. Va. 2010) (denying relief without an evidentiary hearing because the claim directly contradicts the defendant's prior in-court representations); *Higgs v. United States*, 711 F. Supp. 2d 479, 552 (D. Md. 2010) (rejecting § 2255 claim without an evidentiary hearing because petitioner neither pleaded facts that entitle him to relief nor established that a material dispute regarding those facts existed).  Therefore, Petitioner cannot satisfy either prong of the *Strickland* test, even when considering the extra emphasis on the plea process required by *Lafler* and *Frye*, and the request for relief with respect to this claim is denied.

### B. Review of Evidence & Preparation of Defense Was Sufficient

Petitioner argues that his attorney was ineffective because he "failed to investigate and present the facts of the case."  Pet'r Mot. 1, June 22, 2011, ECF No. 81-1.  The government disputes that defense counsel spent an insufficient amount of time reviewing evidence and preparing a defense for Petitioner.  Government Opp'n 7, Sept. 8, 2011, ECF 84.  On the contrary, the government notes that according to defense counsel's Criminal Justice Act (CJA) time reports, he spent approximately 112 hours preparing for trial and had multiple, lengthy meetings with Petitioner.  *See generally* Government Opp'n Ex. B, Sept. 8, 2011, ECF 84-2.  The amount of time needed to prepare for trial and to work with a defendant depends greatly on the defense counsel handling the case.  However, defense counsel in this instance is a seasoned trial attorney with over thirty years of experience practicing law, including as an attorney on the CJA panel for both the District of Columbia and Maryland.  *See* Government Opp'n Ex. A, ¶ 1, Sept. 8, 2011, ECF 84-1.

Petitioner failed to show that his defense attorney's conduct fell below "an objective standard of reasonableness" and that the defendant was affirmatively prejudiced by this ineffectiveness. *Strickland v. Washington*, 466 U.S. 668, 694 (1984). In fact, Petitioner's § 2255 motion expressly indicates the opposite is true. Petitioner admits that "Mr. Toto met with counsel on a number of occasions to discuss matters related to trial. Each visit lasted approximately fifteen to forty-five minutes." Pet'r Mot. 34. Petitioner also admits that defense counsel proffered a cogent theory of defense to the jury—that the clients, not Petitioner, provided the false information on the tax returns—and attacked the credibility of two government cooperators on cross-examination. *Id.* at 36. Petitioner makes no showing that his counsel spent an inadequate amount of time reviewing the evidence and fails to articulate how he did not prepare a defense. Therefore, Petitioner cannot satisfy either prong of the *Strickland* test and the request for relief with respect to this claim is denied.

**C. Objection to the Introduction of Rule 404(b) Evidence Was Submitted**

Petitioner argues that his attorney was ineffective because he "allowed the introduction of 404(b) evidence." Pet'r Mot. 1. The government not only disputes this claim, but observes that defense counsel timely and "vigorously objected to the introduction of any uncharged conduct" both "at a sidebar conference and in open court." Government Opp'n 9–10, Sept. 8, 2011, ECF 84; *see also* Trial Tr. 102–09, June 9, 2009. The fact that the Court ultimately overruled defense counsel's objection is not evidence of a lack of effort or effectiveness on the part of defense counsel.

Before presentation of witnesses, defense counsel generally objected to the prosecution presenting witnesses for which there was no corresponding charge in the Indictment, and argued that the government should only be allowed to present Rule 404(b) witnesses if doing so would

also open the door to challenges regarding Petitioner's identity as the fraudulent return preparer. Trial Tr. 103, 106, June 9, 2009. After the Court ruled against the objection, defense counsel resubmitted his objection for the record when the fist Rule 404(b) witness took the stand, and obtained a continuing objection regarding all subsequent such witnesses and evidence. Trial Tr. 108–09, June 9, 2009; Trial Tr. 10, June 10, 2009. As a result of defense counsel's efforts, the Court eventually expressed a concern that additional Rule 404(b) witnesses were cumulative and becoming unduly prejudicial to Petitioner. Trial Tr. 192–93, 258–60, June 10, 2009. Consequently, the prosecution did not call three of the five Rule 404(b) witnesses included in its notice. Trial Tr. 3, June 11, 2009.

Petitioner failed to show that his defense attorney's conduct fell below "an objective standard of reasonableness" and that the defendant was affirmatively prejudiced by this ineffectiveness. *Strickland v. Washington*, 466 U.S. 668, 694 (1984). Therefore, Petitioner cannot satisfy either prong of the *Strickland* test and the request for relief with respect to this claim is denied.

### D. Argument Was Presented in Opposition to Leadership Enhancement

Petitioner argues that defense counsel's "failures" in the handling of evidence resulted in a "incorrect enhancement to [his] sentence" for his "supervisory position in the offense conduct" under U.S.S.G. § 3B1.1(b). Pet'r Mot. 1, 23, June 22, 2011, ECF No. 81-1. Petitioner claims that but for his defense counsel's inability to prove that former clients acted on their own to obtain the fraudulent information Petitioner put on their tax returns, his retained counsel at sentencing would have had an opportunity to utilize such evidence to refute the three-level leadership enhancement sentence. *Id.* at 44–45. However, Petitioner has already submitted this claim and it has already been rejected by the Fourth Circuit under Fed. R. App. P. 28(a)(9)(A).

9

Claims that a defendant has presented and that a court has decided on direct appeal, cannot be re-litigated under the guise of a collateral attack. *Boeckenhaupt v. United States*, 537 F.2d 1182, 1183 (4th Cir. 1976).

The Fourth Circuit, in Petitioner's direct appeal, rejected his challenge to the three-level leadership enhancement due to Petitioner's "failure to identify any factual basis or citation to the record where the district court clearly erred." This failure was not the result of ineffective representation on the part of defense counsel at trial, but is due to the fact that Toto-Ngosso now wishes to cite to evidence that does not exist in the record. Government Opp'n 12, Sept. 8, 2011, ECF 84. Toto-Ngosso did not dispute that his criminal activity involved more than five participants, did not explain how the Court clearly erred when it found that he supervised Ms. Veney, and did not provide a reason for why the Court would not be entitled to credit the Mr. Zame's testimony. *See id.* (citing *United States v. Cameron*, 573 F.3d 179, 184 (4th Cir. 2009) (noting that three of the factors courts should consider in applying the enhancement are "the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, . . . and the degree of control and authority exercised over others")).

**III.   Conclusion**

The Court finds that that Counsel's representation of Petitioner did not fall "below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *see also United States v. Ferguson*, 2011 WL 2792383 *3–4 (D.S.C. 2011), *appeal dismissed*, 2012 WL 432834 (4th Cir. 2012). Accordingly, it is, this 2nd day of August 2012, by the United States District Court for the District of Maryland,

**ORDERED**, that Petitioner's Motion to Vacate Under 28 U.S.C. § 2255 (ECF No. 81-1) is **DENIED**.

/s/
ROGER W. TITUS
UNITED STATES DISTRICT JUDGE
